BURTON W. WAPLES and others *vs.* DAVID H. WAPLES.

In an action of *waste* the plaintiff recovers the *place wasted* and *double* damages.

If waste be done in *one* acre, or *one* room, it is a forfeiture of that acre or room: if done *sparsim*, it is a forfeiture of the whole tract, or house.

The cutting of *timber* trees is waste; unless, &c.

What are timber trees.

Any thing is waste that will injure the inheritance.

To sustain this action plaintiff must have the immediate inheritance.

After *view* granted, the party applying for it may have the view or not at his election.

ACTION of *waste.* Narr. Pleas, nullum vastatum, and the act of limitation. Issues.

View granted on motion of plaintiff's attorney.

The narr. set out that Woolsey Waples, father of plaintiffs and defendant, died seised of a tract of land in Sussex county, which descended under the intestate laws of this state to plaintiffs and defendant, his children, in coparcenary; and that defendant committed waste on said land by cutting and selling trees, &c., to the disinheriting of the plaintiffs. It was as follows:

" *Sussex county, ss.,*                October Term, A. D. 1836.

" And thereupon the said Burton W. Waples, James W. Waples, and Elizabeth H. Waples, by Charles G. Ridgely, their attorney, and the said Ann W. Waples and Louisa E. Waples, by Ann W. Waples, who is admitted by the court here to prosecute for the said Ann W. and Louisa E., who are infants within the age of twenty-one years, as the next friend of the said Ann W. and Louisa E., complain that, whereas, heretofore to wit, on the 24th day of April, A. D. 1828, at Sussex county aforesaid, the said Woolsey Waples, the father, being seised in his demesne as of fee of, in and to, divers tracts, pieces or parcels of lands, tenements, hereditaments and premises, with their appurtenances, situate, lying and being in Sussex county aforesaid, he, the said Woolsey Waples, the father, afterwards, to wit, on the 25th day of April, in the year last aforesaid, at Sussex county aforesaid, died, so as aforesaid, seised of, in and to, the said lands, tenements, hereditaments, and premises, with their appurtenances as aforesaid, intestate; after whose death the said lands, tenements, hereditaments and premises, with their appurtenances, then and there descended and came to the said Burton W., James W., Elizabeth H., Ann W., Louisa E., and the said David H., and a certain Charles K. Waples, as children of the said Woolsey Waples, deceased, in fee simple, in coparcenary; and thereby they, the said Burton W., James W., Elizabeth H., Ann W., Louisa E., David H., and Charles K., then and there became and were seised of the said lands, tene-

ments, hereditaments and premises, with their appurtenances, in fee simple in coparcenary: and whereas, afterwards, to wit, on the 26th day of April, in the year last aforesaid, at Sussex county aforesaid, the said Charles K. Waples, being so seised as parcener as aforesaid, of his undivided share of the said lands, tenements, hereditaments and premises, with their appurtenances, to wit, of the one undivided seventh part thereof, afterwards, to wit, on the day and year last aforesaid, at Sussex county aforesaid, died, so seised as aforesaid, intestate, leaving to survive him no child, nor lawful issue of any child, whereupon and whereby, and by force of the statute in such case made and provided, the proper share of him, the said Charles K., to wit, the one undivided seventh part of the said lands, tenements, hereditaments and premises, with the appurtenances, descended and came to the said Burton W., James W., Elizabeth H., Ann W., Louisa E., and David H., in fee simple, in coparcenary; they, the said Burton W., James W., Elizabeth H., Ann W., Louisa E., and David H., being the brothers and sisters of the said Charles K., of the whole blood; and thereby they, the said Burton W., James W., Elizabeth H., Ann W., Louisa E., and David H., then and there became and were seised of the said lands, tenements, hereditaments and premises, with their appurtenances, in fee simple, in coparcenary: and the said Burton W., James W., Elizabeth H., Ann W., Louisa E., and David H., being so seised as aforesaid of the said lands, tenements, hereditaments and premises, with the appurtenances, situate, lying and being as aforesaid, in Sussex county aforesaid, he, the said David H., did make waste, sale and destruction, in the said lands and premises, with their appurtenances, that is to say, by felling, cutting down, prostrating, selling and burning, and causing and procuring to be felled, cut down, prostrated, sold and burnt, one thousand oaks, each of them of the price of two dollars; one thousand other oaks, each of them of the price of one dollar and fifty cents; one thousand hickories, each of them of the price of two dollars; one thousand other hickories, each of them of the price of one dollar and fifty cents; one thousand gums, each of them of the price of fifty cents; one thousand maples, each of them of the price of one dollar; one thousand ashes, each of them of the price of one dollar; one thousand chesnuts, each of them of the price of three dollars; one thousand pines, each of them of the price of five dollars; one thousand other pines, each of them of the price of two dollars; one thousand other pines, each of them of the price of one dollar; one thousand walnuts, each of them of the price of three dollars, and one thousand cedars, each of them of the price of fifty cents; in a certain tract of woodland, parcel of the said premises, and lately growing promiscu-

ously, here and there, within the limits of the said woodland, to the disinheriting of the said Burton W., James W., Elizabeth H., Ann W., and Louisa E., and against the form of the statute in such case made and provided. Wherefore the said Burton W., James W., and Elizabeth H.; and the said Ann W. Waples, who sues as aforesaid for the said Ann W. and Louisa E., say that they, the said Burton W., James W., Elizabeth H., Ann W., and Louisa E., are injured, and have damage to the value of five thousand dollars, and therefore they bring suit. &c."

It appeared in the course of the evidence, that a part of the land upon which waste had been committed, was sold by the sheriff of Sussex county for the payment of Woolsey Waples' debts, *after* the cutting but before this action brought. Testimony as to this waste was objected to and ruled out by the court on the ground that the inheritance not being in plaintiffs they could not recover for waste as to that land. *Coke Litt.* 53, *b.* " No person shall have an action of wast unlesse he hath the immediate state of inheritance." *Bac. Abridgt., Waste I. Digest.* 167.

The defendant offered to prove that some of the trees cut were used for rail timber on the farm; and it was objected that under the plea of " no waste," he could not justify a cutting for necessary repairs of fences, for firewood, &c.

*Cullen* and *Rogers,* for defendent insisted that it was proper evidence in an action between coparceners or tenants in common; though not by reversioner against particular tenant. 3 *Term Rep.* 145.

A coparcener is a part owner, and has the right to take not only reasonable fire and fence bote, but is entitled to cut ripe trees for repairs, building or any other purpose proper for an owner of the land. If a tenant in common misuse this privilege, he is liable to an action for damages. The use, therefore, of the timber cut is material, to determine whether the waste is committed, and such being the rights of coparceners, this enters materially into the general issue, and is evidence under the general issue, without being specially pleaded.

*Brinckloe,* contra. The authority cited from *Term Reports* is an action on the case in the nature of waste, and cannot apply to this statutory action of waste. That is a common law action; the plea is, not guilty, and damages only can be recovered. 5 *Com. Dig.* 816, *Pleader,* (3 *O.* 7.) " No waste" is no plea for justification or excuse. The excuse of repairs of fences, &c., is a justification or excuse and must be pleaded.

*Court.*—You may go on and show the quality of the timber cut— if it was ripe and fit to be cut; and our inclination is, that the cut-

ting such timber, if for the advantage, or not to the disadvantage, of the estate would not be waste. If also a coparcener cut timber for necessary repairs, it is an excuse or justification; but he must plead it on the record to give the other party notice of his defence. As to what trees are fit to be cut, it can only be judged of by reference to the allegation in all actions of waste, that the cutting is to the *disinherison* of the heir. If the trees are thrifty and such as would improve, or remain to the benefit of the heir, it may be waste to cut them; if they are ripe or decaying, it may be otherwise. *Bull. N. P.* 120.

It was now objected that plaintiff could not prove that these were *timber* trees, as he had no where alledged in his narr. that timber trees were cut.

*The Court* said the allegation was, that trees were cut to the *disinherison* of the heir; any thing which goes to prove this is evidence; and in proving it, plaintiff must prove the quality of the trees cut, whether thrifty, growing and sound timber, or old and decayed trees.

Evidence admitted.

The case was fully argued before the jury by *Ridgely* and *Brinckloe,* for plaintiffs; and *Cullen* and *Rogers,* for the defendant.

*The Chief Justice,* (JOHN M. CLAYTON,) charged the jury :

Action by the heirs of Woolsey Waples, against their brother and co-heir David H. Waples for waste and destruction done by him to the land which descended to them all equally from their father. The issue is a question of waste or no waste. Woolsey Waples died seised of two tracts of land in this county, one of which was afterwards sold by the sheriff, for the payment of his debts; and the other is a tract of woodland of fifteen acres or thereabouts. It is alledged that waste has been committed on this land.

Three things are to be considered by the jury. 1st. Plaintiff's interest in the premises and the holding of defendant. 2d. The waste. 3d. The damages. As to one of the tracts, that which was sold by the sheriff, the court refused to permit evidence to go to the jury of waste done on that part, because it was admitted that this tract had been sold by the sheriff for the payment of the debts of Woolsey Waples, before this action brought; and we think the plaintiffs cannot recover as to this waste, because the inheritance was not in them : as to the fifteen acres of woodland, it has been contended that no recovery can be had by the plaintiffs in this action, unless they have proved a cutting of *timber* trees, and such is our opinion. But it is for the jury to decide what are timber trees. Trees fit for building houses is the example given in the books. If trees fit for this purpose are cut,

it is *waste*, unless those cut are of dead or decaying timber, called timber proper to be cut. It is contended that a cutting by one co-tenant in common, of trees proper to be cut is no waste. We assent to that; but what is proper to be cut is to be ascertained. The rule is what will injure the inheritance. If trees be decaying and must soon die, the inheritance cannot be injured by cutting them, for they would fall of themselves or decay: but it does not follow that because trees are full grown or ripe, that one coparcener may cut them; he may cut only where the timber is such that the cutting it would not prejudice the inheritance.

If timber has been cut by the defendant, how much cutting will amount to waste? Is it true that the cutting of a single tree, or of twenty of fifty trees in one thousand acres is waste? What is the rule? The cutting of *any* timber trees is waste; but the cutting one tree is not a waste of the whole tract. A cutting on *one* acre is waste of *that acre;* a cutting *promiscuously* all over the tract, is a waste of the *whole tract.* The jury must find how far the waste extends; over how many acres; and they ought to describe the place wasted by bounds, or by other terms, so that it can be known. *Coke* says, if waste be done *sparsim* here and there in woods, the whole woods shall be recovered, or so much wherein the waste *sparsim* is done. And so in houses, so many rooms shall be recovered wherein there is waste done; but if waste be done *sparsim* throughout, all shall be recovered. *Coke Litt.* 53, *b.*

A question may arise of what value must the timber be in order that the destruction may be deemed waste *Coke* says, trees to the value of three shillings and four pence have been adjudged waste. *Co. Litt.* 546; and *Hale,* to the value of four pence.

The rule we would lay down is, that it must appear to the jury that a *material* injury has been done to the inheritance; and that is *waste.* If ten, twenty, thirty or more oaks have been cut, no doubt it is waste; but the jury should find in what part of the land the waste is committed, in order that the forfeiture may be confined to that. So that no idea need get abroad in relation to this action of waste, new as it is in our practice, that the cutting a few trees by a co-tenant in common or coparcener, will create a forfeiture of his whole inheritance in the land; because the jury may and must confine the forfeiture to the place wasted; and if waste has been committed all over the land, it would be nothing more than right that the co-tenant thus injuring the inheritance should forfeit his right in it.

As to the damages, the jury should find only the exact amount of the damage proved to be done; nothing by way of punishment or example, for the law punishes the defendant by directing the court to

double the damages found, and by superadding a forfeiture of the place wasted, This is a salutary provision, because of the relation in which these parties stand to each other. They have all a right to enter; and, to a certain extent, to use the land; and if under color, or by means of this right, any one will violate the rights of his co-tenants and waste the inheritance, it is but just that he should suffer for it.

*Verdict.*—" And the jurors aforesaid, on their oaths and affirmations, respectively aforesaid, do find for the plaintiffs, and that the said David H. Waples did make waste, sale and destruction, in the said lands and premises, with their appurtenances, that is to say, by felling, cutting down, prostrating, selling and burning, and causing to be felled, cut down, prostrated, sold and burned ; thirty red and black oak timber trees, each of them of the value of fifty cents ; four white oaks, each of them of the value of fifty cents ; fifty hickories, each of them of the value of fifty cents, amounting in the whole to the sum of forty-two dollars lawful money, as aforesaid, in a certain tract of woodland, parcel of the said premises, and lately growing promiscuously here and there, within the limits of the said woodland, meted and bounded as follows, to wit : (the jury here described the metes and bounds from a return made to the Orphans' Court on the assignment of the widow's dower of Woolsey Waples,) containing by computation fourteen and three quarters acres of land, being parcel of the said premises and lately growing promiscuously here and there, within the limits of the said woodland, in manner and form as the said Burton W. Waples and others (naming all of them) have, by their said declaration, supposed ; and as to the residue of the said waste supposed to be done, the jurors aforesaid, upon their oath aforesaid, further say, that the said David H. Waples made no waste, sale or destruction therein, as the said B. W. Waples (and others) have above thereof in pleading alledged ; and they assess the costs and charges of the said B. W. Waples (and others) about their suit in this behalf expended to six cents, besides the costs expended, and so they say all."

On this the plaintiffs moved the court for judgment ; and to double the damages agreeably to the act of assembly in that behalf. And the defendant's counsel moved in arrest of judgment.

1st. Because (though granted on the motion of plaintiffs) there had been no view.

2d. Because the narr. did not show that the waste declared for was committed after the passage of the act of assembly.

*Ridgely.*—The application for a view was on our own motion, and was resisted by the other side. They cannot complain that it was

not had. It is like the rule commission; to be executed or not, at the election of the party praying it. (6 *Comyn's Dig.* view B.) After verdict in assize, default of view shall not be slledged. 2 *Tidd.* 647.

2d. As to the other objection, it was matter of proof on the trial, and could only have been taken before the verdict. The narr. also alledges that the waste was done against the form of the statute.

*Cullen.*—The court cannot give judgment because the record does not show a breach of the law. The narr. contains no time at which the waste was committed, and in so highly penal an action, the court will not intend that it was after the statute. The allegation that it was done contra formam statuti does not refer to what statute and may apply to the *Statute of Merton.*

2d. As to the view. The rule for view when granted became obligatory and could not be dispensed with. The defendant obtained an interest in it. Here has been a trial and verdict without a view, and it is error. The authority of Tidd shows that until the court interfered and made it a part of the rule that it should be no objection that no view was had, or that six of the viewers did not appear, it was fatal.

*By the Court.*

1st. as to the view. On the English rule, if this be an exception, it should have been made at the trial. It is an objection to the jury. It is just like the rule for a struck jury; if no jury be struck, the parties may go to trial by a general jury. Just so here; the party who got the rule could execute it or not; or at least, if there was any exception to their going to trial without the view, it ought to have been taken before the trial, like all exceptions to the jury.

2d. As to the narr. That it does not appear by the record that the waste occurred before the act of 1829. If it had not been for the plea of the act of limitation, it might have been fatal. The narr. ought to have contained a date. But our act of jeoffails, directs us not to arrest the judgment, if on the whole record there appears sufficient to sustain it. We look into the whole record. We know judicially the time of the commencement of the action; there is a plea of the statute limitation, and we must have charged the jury that no damages could be assessed for waste done more than three years before the commencement of the action, which was long since the passage of the act.

On the whole then, we see enough on the record to authorize the judgment; we therefore, according to the act, direct the damages to be *doubled,* and give judgment accordingly; and that the plaintiffs recover the plea wasted.

*Judgment.*—And now to wit, this 17th day of October A. D. 1837, the said Burton W. Waples and others, (naming them) pray judgment against the said David H. Waples, the defendant in this cause in and upon the verdict by the jurors aforesaid, of the place wasted as above found by the jurors aforesaid, and double the damages as found by the jurors aforesaid, on occasion of the said waste, according to the form of the statute in such case made and provided; it is, therefore, considered, ordered and adjudged by the said court, that the said Burton W. Waples and others, (naming them,) do recover of and from the said David H. Waples the place wasted as aforesaid, found by the jurors aforesaid, and also the sum of eighty-four dollars, being double the damages as found by the jurors aforesaid, with six cents costs besides the costs expended.

*C. G. Ridgely* and *Brinckloe*, for plaintiffs.

*Cullen* and *Rogers, sen'r.*, for defendant.

