EUREKA LUMBER CO. v. J. L. SATCHWELL ET AL.*

(Filed 16 September, 1908.)

**Mortgagor and Mortgagee — Assignee of Bond — Coprincipals — Debtor and Creditor—Subrogation and Contribution—Restraining Orders—Questions for Jury.**

> E. and W. executed their bond to S., secured by mortgage on two tracts of land held by each in severalty, which was subsequently assigned to defendant. W. conveyed his tract to plaintiff, and it was sold under foreclosure and purchased by defendant G. The plaintiff obtained a restraining order to prevent payment of the purchase price and completion of sale, on the ground that E. and W. were coprincipals, and that, as W. was insolvent, plaintiff was entitled to be subrogated to his rights, and contribution against E.: *Held*, (1) contribution can arise only after payment by one of the debtors; (2) whether W. can recover out of E. is a question for the jury; (3) the mortgagee or the assignee of the bond cannot be required to defer collection of his money and the enforcement of his security till the debtors thus adjust their liabilities between themselves; (4) the restraining order was properly dissolved.

ACTION heard by *Lyon, J.,* on petition to dismiss a restraining order, May Term, 1908, of BEAUFORT.

Plaintiff appealed.

*Wiley C. Rodman* for plaintiff.
*Small, McLean & McMullen* for defendants.

CLARK, C. J.　On 5 May, 1905, Elijah Sheppard and H. A. Windley executed their bond for $220 to defendant Satchwell, and to secure the same executed a mortgage upon twenty-five acres of land belonging to Sheppard and sixty acres of land, the property of Windley, who has since conveyed his tract to the plaintiff. The bond has since been assigned to the defendant McLean. The sixty-acre tract has been sold under the power of sale in the mortgage, and the defendant W. D. Grimes became the purchaser. There was a restraining order granted to prevent payment over of purchase money and completion of the sale, on the ground that

---

*BROWN, J., did not sit on the hearing of this case.

Windley and Sheppard were coprincipals, and that, Windley being insolvent, the plaintiff is entitled to be subrogated to his rights to contribution against Sheppard.

The defendants contend that Sheppard was surety for Windley and that the latter's property ought to be subjected first. On the face of the mortgage (the bond was not put in evidence·) they were coprincipals, and there is no evidence to the contrary. But however that may be, taking it most strongly for the plaintiff that Windley and Sheppard were coprincipals, the Judge properly dissolved the restraining order. The right of contribution can arise only after payment by one of the debtors. Then, whether Windley can recover contribution out of Sheppard will depend upon the finding of a jury whether Sheppard was surety or coprincipal. We need not pass upon the question whether the plaintiff, as purchaser of the property, is subrogated to Windley's right to contribution, if any he has. The mortgagee or the assignee of the bond cannot be required to defer the collection of his money and the enforcement of his security till the debtors thus adjust their liabilities between themselves.

The plaintiff further contends that the mortgage was indexed only in the name of Sheppard, and that therefore it obtained a good title. "The filing of the deed for registration is in itself constructive notice; hence the failure of the Register of Deeds to index it after registration cannot impair its efficacy." *Davis v. Whitaker,* 114 N. C., 279. This case draws the distinction between failure to index a judgment and to index a conveyance, and was approved in *Glanton v. Jacobs,* 117 N. C., 429. If the mortgage, duly filed, was not properly indexed, the fault is not that of the mortgagee, but of the Register of Deeds. What remedy, if any, the plaintiff has against the latter is a question which does not arise in this case.

The judgment dissolving the restraining order is
Affirmed.