LOUIS DEPRISCO AND ROSALIE DEPRISCO,

*vs.*

VICTORIA RYKACZEWSKI, WILMINGTON SAVINGS FUND SO-
CIETY, a corporation of the State of Delaware, THE
MAYOR AND COUNCIL OF WILMINGTON, a Municipal
Corporation of the State of Delaware, AND WALTER S.
BURRIS, Receiver of Taxes for Wilmington Hundred.

*New Castle, Nov. 13, 1931.*

*Leonard E. Wales,* for complainants.

*Charles Warner Smith,* for mortgagee, Wilmington Savings Fund Society.

*Harry K. Hoch,* City Solicitor, for the Mayor and Council of Wilmington.

THE CHANCELLOR: Whether the bill presents a case for specific performance good on its face as between the complainants and the life tenant, cannot be considered on the pending demurrer. The life tenant has not raised that question. I accordingly express no opinion at this time upon it.

The demurrers raise the question of whether the bill shows a case tenable against the Wilmington Savings Fund Society as mortgagee and against the City of Wilmington as a tax creditor; and specifically, whether it would be proper to enjoin these parties from proceeding against the land to enforce the right of the one to collect its mortgage by foreclosure proceedings and of the other to collect the taxes in arrear by a tax sale under the statute, pending the determination of the specific performance aspect of the bill as between the complainants and the life tenant.

The mortgage antedated the conveyance to the defendant Rykaczewski for life, remainder to the complainants. Its lien and the obligation to meet its exactions are as binding on the life tenant and remaindermen as though they themselves were the mortgagors. Some equity must be shown before a mortgagee can be restrained from pursuing his legal right of foreclosure. It is hardly necessary to state that neither mere inconvenience to the mortgagor nor financial embarrassment constitutes such an equity as will justify interference with the mortgagee in the pursuit of his legal remedies. There is no showing made by the bill in this case that the mortgage is vitiated by fraud or duress, or that it was without consideration or for an unlawful consideration, or that any inequitable oppression is being or about to be practiced by the mortgagee, or anything in fact that raises the slightest suggestion of an equity against the mortgagee. The sole difficulties of the complainants arise by reason of the fact that they have a collateral agreement with the life tenant, to which the mortgagee was in no sense a privy, that the life tenant would pay the interest and that the latter has failed to keep her promise. I should be surprised if any case were found which holds that the mortgagee, under such circumstances as appear here, should be enjoined from exercising his legal rights pending the settlement of a collateral controversy between a life tenant of the mortgaged premises and remaindermen over who should pay the interest. In *Eureka Lumber Co. v. Satchwell, et al.,* 148 *N. C.* 316, 62 *S. E.* 310, the court held that a mortgagee should not be delayed in the collection of the debt due it simply because of a dispute between the co-debtors as to their mutual liabilities. It is unnecessary to examine the numerous cases cited by the solicitor for the mortgagee in support of the proposition that the controversy between the life tenant and the remaindermen, complainants, constitute nothing in the way of an equity against the right of the mortgagee to proceed to enforce its legal rights under the mortgage whenever it chooses to do so.

What has thus far been said with respect to the right of the mortgagee to proceed to enforce payment of its debt by foreclosure, applies with equal force to the right of the city to enforce collection of taxes by proceedings under the statute. The legality of the tax is in no way assailed by the bill. The sole alleged equity against its enforcement by sale of the premises on which the tax is levied, consists in the fact that the life tenant has failed to keep her agreement with the remaindermen to pay it. That is not a matter of concern to the city. It is not a matter that would in any wise constitute an equity against the city's right to proceed.

The bill fails to allege that either the mortgagee has instituted or threatened to institute foreclosure proceedings, or that the city has instituted or threatened to institute tax sale proceedings. I have, notwithstanding this omission of allegation, treated the case as though foreclosure and tax sale proceedings had been inaugurated, for even if they had, the judgment on the demurrers should be no different.

The complainants' solicitor argues that the court has jurisdiction of the specific performance phase of the bill and that, having that jurisdiction, the court should proceed to entertain jurisdiction of all other matters connected with the cause to the end that full and complete relief may be afforded. The general proposition that equity, having obtained jurisdiction, will retain it to the extent of doing full justice in the cause, is of no assistance to the complainants, for the reason that the demurrants are in no sense proper parties to the principal controversy upon which the jurisdiction is invoked. The expansion of the jurisdiction so as to make it embrace other controversies subsidiary to the main one can never be indulged so far as to retain before the court rights of others which are free from equitable interference and which are in no way related to the controversy existing between the parties to the principal one.

It is further argued that the demurrers are filed to the whole bill, and that, where such is the nature of the demurrer, if any part of the bill is good the demurrer must be overruled. Such is the general rule. But it has no application here, for the reason that so far as the demurrants are concerned, no part of the bill is maintainable as against them. The substance of their demurrers is that nowhere in the bill does anything appear which discloses any right to relief against them. The fact that the bill shows a good case against some other party to it, if it be conceded, cannot justify the retention of the bill against parties who protest that as to them the bill fails to show any sort of title to relief against them.

The demurrers will be sustained. Order accordingly.