IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VENERA CASSON, DANNIQUE CASSON, & CLARENCE ADAMS | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2026-0103-JRB |
| CARY NORRIS, | ) ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on January 23, 2026, Plaintiffs Venera Casson ("Venera"), Dannique Casson ("Dannique"), and Clarence Adams ("Clarence" and collectively "Plaintiffs") filed a Verified Complaint ("Complaint") seeking a declaratory order and equitable relief to protect and preserve real property against Defendant Cary Norris ("Defendant");[1] Plaintiffs request the Court find that Plaintiffs have certain rights and interests in the property located at 4 Iris Place, Newark, DE 19702 ("Subject Property") and modify or terminate the life estate of Defendant in the Subject Property;[2]

---

[1] I use first names for clarity only and intend no disrespect or familiarity.

[2] Pls. Compl., Docket Item ("D.I.") 1.

1

WHEREAS, on or about June 27, 2025, Perth Norris ("Decedent"), died intestate;[3] at the time of her death she was legally married to Defendant; and she was also survived by her three children, Plaintiffs;[4]

WHEREAS, at the time of her death, the Decedent solely owned the Subject Property;[5]

WHEREAS, Venera filed a Petition for Authority to Act as Personal Representative of the Estate of Decedent on or about September 19, 2025,[6] and letters of administration were granted to Venera on or about September 22, 2025;[7]

WHEREAS, on or about February 10, 2026, Defendant was personally served with a copy of the Complaint;[8]

WHEREAS, on or about March 9, 2026, Plaintiffs filed a Motion to Expedite;[9]

WHEREAS, I held a hearing on the Motion to Expedite, by use of the Zoom platform, on or about April 1, 2026; Plaintiffs appeared for the hearing, however

---

[3] April 20, 2026 Hr'g Tr. 04:19-24.

[4] *See* IMO Perth Alicia Norris, 191212 JRC, D.I. 2.

[5] Ex. P-1.

[6] *See* IMO Perth Alicia Norris, 191212 JRC, D.I. 2.

[7] *See* IMO Perth Alicia Norris, 191212 JRC, D.I. 3; *see also* Tr. 05:03-12.

[8] D.I. 3.

[9] Pls. Mot. to Expedite, D.I. 5.

Defendant did not appear; and, at the conclusion of the hearing, I granted the Motion to Expedite;[10]

WHEREAS, trial on Zoom on the Complaint was scheduled for April 13, 2026;[11] the Court mailed, and emailed, notice of the trial date to the parties on April 1, 2026;[12] and, on or about April 7, 2026, Venera mailed a copy of the letter scheduling the hearing to Defendant;[13]

WHEREAS, the parties convened on Zoom on April 13, 2026 for trial before the Court; Defendant requested the trial be continued as he needed to go to the hospital to receive urgent medical care; I granted the continuance request, rescheduled trial to April 20, 2026 and ordered Defendant to provide proof of going to the hospital on or before April 17, 2026;[14] and Defendant failed to file the ordered documentation on or before April 17, 2026, or thereafter;

WHEREAS, the parties reconvened for trial on April 20, 2026 on the Zoom platform; all parties appeared and all parties testified;[15]

---

[10] Apr. 1, 2026 Jud. Act. Form, D.I. 12.

[11] *Id.*

[12] D.I. 13.

[13] D.I. 14-15.

[14] Apr. 13, 2026 Jud. Act. Form, D.I. 16.

[15] The evidentiary hearing was held on the Zoom platform and was recorded for purposes of exceptions; a court-reporter was also present, but a final transcript is not yet available. This Order is being issued now in the interest of resolving this proceeding without undue delay. Through this Order, I emphasize only the evidence that was most crucial to my

WHEREAS, at trial, I admitted into evidence four documents presented by Plaintiff Venera: (1) the deed to the Subject Property;[16] (2) the death certificate of the Decedent;[17] (3) the most recent mortgage statement for the Subject Property;[18] and (4) the first page of the mortgage activity statement for the Subject Property;[19]

WHEREAS, at the conclusion of trial, Plaintiffs requested the Court enter an order modifying or terminating Defendant's life estate in the Subject Property; Defendant requested the Court not alter his life estate; and I directed Defendant to provide proof that he went to the hospital necessitating a continuance of the matter on or before April 24, 2026;[20] and to present Defendant has filed nothing;

WHEREAS, under 12 *Del. C.* § 502(4) the intestate share of a surviving spouse when there are surviving issue of the decedent who are not issue of the surviving spouse includes a life estate in the intestate real estate;[21] and the remaindermen are the surviving issue of the decedent as they are the individuals holding a future interest in the intestate real estate;[22]

---

decision reflected herein; I have not endeavored to summary the entire record as doing such would unnecessarily delay a final ruling.

[16] Ex. P-1.

[17] Ex. P-2.

[18] Ex. P-3.

[19] Ex. P-4.

[20] Apr. 20, 2026 Jud. Act. Form, D.I. 18.

[21] 12 *Del. C.* § 502(4).

[22] *See, e.g.*, *Matter of Estate of Bates*, 1994 WL 586822, at *3 (Del. Ch. Sept. 23, 1994).

4

WHEREAS, a life tenant "has a right to the undisturbed possession of the land . . . .";[23]

WHEREAS, under 25 *Del. C.* § 901, "if any tenant by the curtesy, tenant in dower, or tenant for life or years commits waste, during the tenant's estate or term, of the houses, woods or any other thing belonging to the tenements so held, without special license in writing, the tenant shall be liable to an action of waste";

WHEREAS, a life tenant is responsible for preserving the property, which includes paying "expenses such as taxes, water, sewer and the like";[24] "[t]he life tenant must pay the carrying charges on the property to the extent of the gross income, or the fair rental value if he personally occupies the property";[25] and the life tenant "must pay the interest on any mortgage or other encumbrance to which the life estate and the future interest are subject but [the life tenant] is not personally obligated to make payments on the principal";[26]

---

[23] *Matter of Estate of Bates,* 1994 WL 586822, at *3; *see also Vill. of Westover Homeowners' Ass'n, Inc. v. Odwin,* 2023 WL 2326679, at *2 (Del. Com. Pl. Mar. 2, 2023)(citing *Matter of Estate of Bates*, 1994 WL 586822, at *4) ("The life tenant's rights to the property may not be encroached upon by the remaindermen.")).

[24] *Matter of Estate of Bates*, 1994 WL 586822, at *4.

[25] *Id.* at *3 (citing Moynihan, *Law of Real Property,* (1962 ed.), 60-61 (footnotes omitted)).

[26] *Id.*; *see also* 47 Am. Jur. Proof of Facts 3d 399 (originally published in 1998) ("A life tenant generally has a duty to pay real estate taxes assessed against the land during his life tenancy.").

WHEREAS, a life tenant's "use and enjoyment of the premises is limited by the law of waste, that is, [a life tenant] is under a duty to refrain from any act which will diminish the value of the reversion of the remainder if such act is also, under all of the circumstances, an unreasonable use of the premises";[27]

WHEREAS, "[w]aste is an unreasonable and improper use and abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession, which results in substantial injury thereto";[28] "generally speaking, only such acts as are shown to be detrimental to the inheritance and contrary to the ordinary course of good husbandry are held to be waste";[29] furthermore, a life tenant commits waste on real property when a "substantial"[30] or "material injury has been done to the inheritance";[31]

WHEREAS, the "law of waste exists to protect owners of future interests in property from depredations [to the property] by the present possessor";[32]

---

[27] *Matter of Estate of Bates*, 1994 WL 586822, at *3 (citing Moynihan, *Law of Real Property*, (1962 ed.), 58–59).

[28] *Whitehead v. Whitehead*, 181 A. 684, 685 (Del. Orph. 1935).

[29] *Id.*

[30] *See Ponder v. Willey*. 2020 WL 6735715, at *5 (Del. Ch. Nov. 17, 2020).

[31] *Waples v. Waples*, 2 Del. 281, 285 (Del. Super. Ct. 1837).

[32] *Church v. Harmon*, 2023 WL 2238673, at *4 (Del. Super. Ct. Feb. 27, 2023)(citing DAVID A. THOMAS, THOMPSON ON REAL PROPERTY § 70.02 (2nd ed. 2005); ANNE REYNOLDS COPPS, POWELL ON REAL PROPERTY § P6.05 (Michael Allan Wolf 8th ed. 2002)).

WHEREAS, the termination or modification of a life estate is an equitable remedy;[33] and relief can be sought in this Court on a claim arising from waste as a basis upon which a party may seek to terminate or modify a life estate; [34]

WHEREAS, life tenants have an obligation to not commit waste on real property of which they possess, and can be held liable for commission of waste on that real property; if a life tenant commits waste on a property, the resulting outcome is forfeiture of their interest in the real property;[35] and forfeiture of the interest in the property is proportional to the extent of the waste committed;[36]

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 7th day of May, 2026, as follows:

1.     The Petition should be GRANTED WITH MODIFICATIONS.

2.     Defendant should be allowed thirty (30) days from the date of this Order to bring the mortgage current on the Subject Property. That is, Defendant shall bring the mortgage on the Subject Property current on or before June 7, 2026. Should

---

[33] *Cf. Church v. Harmon*, 2023 WL 2238673, at *3.

[34] *Id.*

[35] *Waples*, 2 Del. 281, 285. ("[I]f waste be done *sparsim* here and there in woods, the whole woods shall be recovered, or so much wherein the waste *sparsim* is done. And so in houses, so many rooms shall be recovered wherein there is waste done; but if waste be done *sparsim* throughout, all shall be recovered.").

[36] *Id*.

7

Defendant fail to bring the mortgage current within that time frame, his life estate should be terminated, and the Petition will be GRANTED.

3.      Upon Decedent's passing, Defendant retained a life estate in the Subject Property, and Plaintiffs, as the remaindermen, each retained an undivided one-third future interest in the Subject Property. Defendant resided at the Subject Property at the time of Decedent's passing and continues to reside at the Subject Property through present. The Subject Property is subject to a mortgage.[37] Since the initiation of his life tenancy, Defendant has been under an obligation to not lay waste to the Subject Property, which includes paying the interest on the mortgage and all other carrying costs associated with the property, including, but not limited to, property taxes, utilities, and any other liens on the property.

4.      At trial, Defendant conceded that he has failed to pay the mortgage on the Subject Property for most of the time since the Decedent's death.[38] In September 2025, Defendant paid two months owing on the mortgage.[39] By that time, the mortgage was already late and more than two months was owing.[40] Aside from that

---

[37] *See* Exs. P-3 and P-4.

[38] April 20, 2026 Hr'g Tr. 23:22-24.

[39] Ex. P-4.

[40] *Id.*

one-time payment, the mortgage, both interest, and principal, has gone unpaid to present.[41]

5.    As Defendant explained, he has held off on paying the mortgage on the Subject Property because he "was trying to wait to find out who the executor was before [he] took all the money and paid the mortgage."[42] Defendant denied that he was aware Venera was the personal representative of the Decedent's Estate until one week before trial.[43] Venera and Clarence refuted this claim, asserting they had informed Defendant previously and tried to explain the process to him, but Defendant would not "let [them]."[44]

6.    Defendant was adamant that despite his nonpayment, he did not want to lose the Subject Property and did not want it to go into foreclosure.[45] According to Defendant, he has been saving up money and is able to pay on the mortgage if directed. Defendant testified regarding his sources of income that would allow him to pay the mortgage and keep it current.[46] He represented that he has about "$4,200 coming in every month."[47] Defendant also represented that he would be able to bring

---

[41] Exs. P-3 and P-4; *see also* Tr. 22:05-23:23.

[42] April 20, 2026 Hr'g Tr. 24:01-04.

[43] *Id.* at 29:14-20.

[44] *Id.* at 52:17-23, 14:09-18.

[45] *Id.* at 22:06-08.

[46] *Id.* at 34:22-35:18.

[47] *Id.*

9

the mortgage current and pay a couple of extra months once he receives proceeds from his personal injury settlement.[48]

7.      Plaintiffs are concerned that the Subject Property may be lost through a foreclosure proceeding due to the nonpayment on the mortgage.[49] The mortgage has been referred to foreclosure by the lender for non-payment.[50] According to Plaintiffs, they have spoken several times with Defendant regarding the mortgage and his plan to pay it.[51] But, they believe that he cannot pay the mortgage and will not pay it, which will ultimately result in losing the Subject Property.[52]

8.      It was also learned at trial that there is a lien on the Subject Property relating to a water treatment system. According to Defendant, Rain Soft installed a water treatment system in the Subject Property, and the company has placed a lien on the Subject Property to secure payment for the system.[53] As Defendant asserted, aside from the mortgage and the Rain Soft water treatment system, he had paid, or was paying, everything related to the Subject Property.[54]

---

[48] *Id.* at 42:10-13.

[49] *Id.* at 13:03-10, 17:19-22.

[50] *Id.* at 05:03-13.

[51] *Id.* at 11:03-10, 11:23-12:10.

[52] *Id.* at 09:22-10:01, 17:19-22, 18:13-18, 55:09-15.,

[53] *Id.* at 26:04-07, 26:23-27:04.

[54] *Id.* at 58:11-13.

9.     The Subject Property is at risk of being foreclosed. Venera credibly testified that the mortgage company, Rocket Mortgage, has referred the Subject Property to foreclosure because of the non-payment of the mortgage.[55] There is a real risk that the Subject Property may be foreclosed upon if Defendant continues to fail to pay the mortgage. Plaintiffs have a right to seek to terminate or modify Defendant's life estate for his failure to pay the mortgage on the Subject Property, thereby laying waste to the same. As in *De Prisco v. Rykaczewski*, 157 A. 209 (Del. Ch. Nov. 13, 1931), the "lien and the obligation to meet its exactions are as binding on life tenant and remaindermen as though they themselves were the mortgagors."[56]

10.     This matter is distinguishable from *In re Holden*, 2010 WL 1820180 (Del. Ch. Apr. 21, 2010). In that matter, regarding a petition to sell real estate to pay debts of the decedent, the plaintiff argued that the defendant had "forfeited his life estate by the commission of waste"[57] and the plaintiff should be awarded damages in the form of the entire sale proceeds.[58] Master Ayvazian declined the plaintiff's request and found that the "relatively small amount of damages due to the life tenant's abandonment and waste have been deducted from his share of the net

---

[55] *Id.* at 13:02-10, 13:20-21.

[56] *De Prisco v. Rykaczewski*, 157 A. 209, 210 (Del. Ch. Nov. 13, 1931).

[57] *In re Holden*, 2010 WL 1820180, at *2 (Del. Ch. Apr. 21, 2010).

[58] *Id.*

11

proceeds and awarded to [plaintiff]."[59] As the plaintiff had not brought a formal action for waste, Master Ayvazian concluded there was no legal basis to award double damages.[60] Master Ayvazian also concluded that because the property had been sold, there was no basis for concern about future waste that might justify a greater award of damages.[61] Here, before the Court, as the Subject Property has not been sold, there is a concern of potential future waste by Defendant for nonpayment of the mortgage, which warrants the Court considering termination of his life estate.

11.     Defendant, as the life tenant, has an obligation to pay on the mortgage. At a minimum, his obligation is to pay the interest on the mortgage monthly. I also find he has an obligation to pay the principal on the monthly mortgage as that is "the fair rental value if he personally occupies the property".[62] By failing to pay on the mortgage except for one payment since his life tenancy began, Defendant has committed waste to the Subject Property and has forfeited his life estate in the same.

12.     While I do not find credible Defendant's assertions that he was unaware of who the executor was, and that such lack of knowledge was a justifiable reason for nonpayment on the mortgage, I do find credible that he delayed in paying on the

---

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Matter of Estate of Bates*, 1994 WL 586822, at *3 (citing Moynihan, *Law of Real Property,* (1962 ed.), 60-61 (footnotes omitted)).

mortgage because he was unsure of his obligations for paying it. I also find Defendant's assertions credible that he does not want the Subject Property to go into foreclosure and wants to maintain the Subject Property as the Decedent would have wanted.

13. Defendant has represented credibly that he has the ability and financial means to bring the mortgage current and continue to pay it. Equity requires that Defendant be allowed a limited period of time to remedy the mortgage situation before the Court entering an order terminating his life estate. As a result, Defendant shall bring the mortgage current on or before June 6, 2026. Once Defendant has brought the mortgage current, he has an ongoing obligation to pay both the principal and interest on the mortgage until his life tenancy ends.

14. Should Defendant fail to bring the mortgage current, his life estate must be terminated as there is a real risk that the Subject Property could be lost to foreclosure and there is a future risk that Defendant will continue to commit waste to the Subject Property by not paying on the mortgage.

15. The Petition should be **GRANTED WITH MODIFICATIONS**. Defendant shall have until June 7, 2026 to bring the mortgage on the Subject Property current. Defendant shall file proof of bringing the mortgage current with the Court on or before June 8, 2026. Should Defendant bring the mortgage current and provide proof of the same, his life estate in the Subject Property shall remain

unchanged. Should Defendant fail to bring the mortgage current and fail to file proof he has brought the mortgage current, the Petition should be GRANTED and his life estate terminated.

16. This is a magistrate's final report under Court of Chancery Rule 144 and exceptions may be filed within eleven (11) days of the date of this report.

**IT IS SO ORDERED.**

/s/ Jessie R. Benavides
Jessie R. Benavides
Magistrate in Chancery

14